IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PAUL E. DUIS,** | ) | **4:07CV3218** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **DR. RANDY KOHL, and** | ) | |
| **DR. KAMAL, et. al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his complaint in this matter on September 4, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) Plaintiff also filed a motion to amend complaint, which is pending as of the date of this order. (Filing No. 7.) The court now conducts an initial review of the complaint and amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.    PLAINTIFF'S PENDING MOTION**

Plaintiff filed a motion to amend complaint. (Filing No. 7.) A pleading may be amended one time "at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a). Additionally, amended pleadings filed by a pro se plaintiff may be considered as supplemental to, rather than as superseding, the original pleading. NECivR 15.1(b). Plaintiff's motion is therefore granted and the amended complaint is treated as supplemental to the original for purposes of this memorandum and order.

**II.   INITIAL REVIEW OF COMPLAINT**

   **A.   Summary of Complaint**

Plaintiff filed his complaint on September 4, 2007, against two physician-employees of the Nebraska Department of Corrections (the "NDCS"), Dr. Randy Kohl and Dr. Kamal. (Filing No. 1 at CM/ECF p. 2.) Plaintiff alleges that Dr. Randy Kohl is the Medical Director

of the NDCS and that Dr. Kamal is a "Psychiatric Doctor" for the NDCS. (*Id.*) Plaintiff's motion to amend complaint seeks to clarify that Defendants are sued in both their individual and official capacities. (Filing No. 7.)

Condensed and summarized, Plaintiff alleges that he has been incarcerated by the NDCS since 2004. (*Id.* at CM/ECF p. 5.) Prior to his incarceration, Plaintiff had heart bypass surgery and suffered from anxiety attacks, for which he was prescribed the drug Xanax by his family doctor. (*Id.*) After coming into NDCS custody, Plaintiff continued to suffer from anxiety attacks, which he alleges have worsened since January 2007. Plaintiff states that he has "repeatedly informed the psychiatric staff" of his conditions and need for Xanax. (*Id.*) However, Plaintiff has never been prescribed Xanax by Defendants. (*Id.*)

Plaintiff further alleges that Defendants are "playing God with his health at the risk of his life," because of their failure to prescribe Xanax. (*Id.*) According to Plaintiff, Defendants "know or reasonably should have known" that Xanax is necessary to treat his conditions and their failure to do so constitutes "medical negligence and blatent (*sic*) indifference." (*Id.*) Plaintiff suffers from other ailments, and lives in "constant fear" that the failure to treat his condition with Xanax will trigger a heart attack. (*Id.*)

Defendants' actions allegedly violate Plaintiff's "due process rights" and his "right to be free from cruel and unusual punishment." (*Id.* at CM/ECF p. 6.) Plaintiff seeks an order from the court requiring Defendants to prescribe Xanax and monetary damages "in the amount of One Million Dollars." (*Id.*; Filing No. 7.)

## B. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation

was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**C.     Discussion of Claims**

A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care. Therefore, 'deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)(citing *Estelle*, 429 U.S. at 103-104).

Plaintiff alleges that, prior to his incarceration, his family doctor prescribed Xanax for more than seven years to treat his anxiety. (Filing No. 1 at CM/ECF p. 5.) Plaintiff also alleges that he repeatedly sought treatment from Defendant Kamal but that Defendant Kamal disregarded his requests. (*Id.*) The medical conditions described by Plaintiff, if true, may be serious. Liberally construed, Plaintiff has therefore set forth enough facts to nudge his claims against Defendant Kamal across the line from conceivable to plausible. As a result, Plaintiff's claims against Defendant Kamal may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations

4

of the complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

Regarding the claims against Defendant Kohl, the court must consider that *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). There are no allegations in the complaint of any direct involvement by Defendant Kohl in Plaintiff's medical care. Therefore, to the extent that Plaintiff contends that Defendant Kohl as Medical Director is liable for the actions or inactions of Defendant Kamal or others, Plaintiff fails to state a claim upon which relief can be granted.

On its own motion, the court will permit Plaintiff an additional 30 days in which to amend his complaint to state a claim upon which relief can be granted against Defendant Kohl. Any amended complaint shall restate the allegations against Defendant Kamal contained in Plaintiff's current complaint (filing no. 1), the allegations contained in Plaintiff's amended complaint (filing no. 7), and any new allegations against Defendant Kohl. Failure to consolidate all claims into one document may result in the abandonment of claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff may proceed on his claims against Defendant Dr. Kamal. However, summons will not be issued until after the amendment of Plaintiff's complaint as set forth in this memorandum and order, or until the time allotted for amendment has expired;

2. Plaintiff's claims against Defendant Randy Kohl are dismissed without prejudice;

3. Plaintiff shall have until **January 17, 2008** to amend his Complaint to state a claim upon which relief can be granted against Defendant Randy Kohl. In the absence of Plaintiff's filing an amended complaint, this case will proceed only on the claims against Defendant Kamal as set forth in this memorandum and order and summons will be issued only as to Defendant Kamal;

4. Any amended complaint shall be titled "Amended Complaint" and shall consolidate Plaintiff's claims as set forth in this memorandum and order;

5. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **January 17, 2008** and direct Clerk to issue summons if no amended complaint is filed;

6. To the extent Plaintiff raises state law claims, the court reserves any ruling regarding whether it will exercise supplemental jurisdiction over those claims;

7. Plaintiff's motion to amend complaint is granted (Filing No. 7.); and

8. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 18th day of December, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge