**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| PAUL E. DUIS, | ) | CASE NO. 4:07CV3218 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| RANDY KOHL, Dr., and Dr. KAMAL, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 17.) Plaintiff filed a Answer and Objection the Motion to Dismiss. (Filing No. 19.) As set forth below, the Motion to Dismiss is granted.

## I. BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter on September 4, 2007. (Filing No. 1.) On December 4, 2007, Plaintiff filed a supplement to his Complaint noting that Defendants were being sued in both their individual and official capacities for money damages. (Filing No. 7.) After initial review, the court permitted Plaintiff's claims to proceed, noting that Plaintiff had nudged his claims against Defendant Kamal across the line from conceivable to plausible. (Filing No. 8.) However, Plaintiff failed to state a claim against Defendant Kohl and Plaintiff was permitted to amend his Complaint in order to do so. (*Id.*) Plaintiff filed his Amended Complaint, and service was permitted to proceed as to both Defendants Kamal and Kohl. (Filing Nos. 9 and 10.)

Summarized and condensed, Plaintiff alleges that Defendants are two physician-employees of the Nebraska Department of Corrections (the "NDCS"). (Filing No. 1 at CM/ECF p. 2.) Plaintiff alleges that Dr. Randy Kohl is the Medical Director of the NDCS and that Dr. Kamal is a "Psychiatric Doctor" for the NDCS. (*Id.*) Defendants are sued in

both their individual and official capacities. (Filing No. 7.) Plaintiff seeks monetary damages and injunctive relief in the form of a court order requiring Defendants to prescribe the drug Xanax. (Filing No. 1 at CM/ECF p. 6.)

Plaintiff alleges that he has been incarcerated by the NDCS since 2004. (*Id.* at CM/ECF p. 5.) Prior to his incarceration, Plaintiff had heart bypass surgery and suffered from anxiety attacks, for which he was prescribed the drug Xanax by his family doctor. (*Id.*) After coming into NDCS custody, Plaintiff continued to suffer from anxiety attacks, which he alleges have worsened since January 2007. Plaintiff states that he has "repeatedly informed the psychiatric staff" of his conditions and need for Xanax. (*Id.*) However, Plaintiff has never been prescribed Xanax by Defendants. (*Id.*) Plaintiff alleges that he has received mental health treatment throughout his incarceration and has been prescribed at least nine different medications for his medical conditions. (Filing No. 9 at CM/ECF p. 6.)

Plaintiff further alleges that "since [his] incarceration," he has "specifically ask [sic] to be placed back on the medication Xanax." (*Id.* at CM/ECF p. 2.) However, Defendants have not prescribed Xanax and have therefore not complied with the "the need to maintain the continuity of any previously prescribed drugs." (*Id.* at CM/ECF p. 4.)

## II. ANALYSIS

### A. Standard of Review

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," otherwise, "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell*

*Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### B. Defendants' Motion to Dismiss

Defendants argue that they are entitled to dismissal because "Defendants are diligently attempting to treat the Plaintiff" and Plaintiff has therefore failed to state a claim upon which relief may be granted. (Filing No. 18 at CM/ECF p. 4.) The court agrees. As the parties have been previously informed, to sustain a claim under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The plaintiff must allege and show that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v.*

*Colburn*, 491 F.3d 394 (8th Cir. 2007). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-104). However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993) ("Disagreement with a medical judgment is not sufficient to state a claim for deliberate indifference to medical needs.").

A "serious" medical need must be either obvious to a layperson or supported by medical evidence, such as a physician's diagnosis. *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999). Further, the failure to diagnose and treat a medical condition "does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge. As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted).

While the court agrees that Plaintiff has set forth enough allegations to show that his medical needs are serious, Plaintiff's own submissions do not support an allegation of "deliberate indifference" on the part of Defendants towards those needs. Plaintiff's alleged

4

injuries relate entirely to the allegation that he is not receiving a particular drug which he believes he should receive. However, as set forth above, Plaintiff has no right to receive a particular drug or course of treatment. Plaintiff has submitted documentation showing that he has been receiving extensive mental health treatment and extensive prescription drug care while in the custody of Defendants. (Filing Nos. 9-2, Attach. 1; 9 at CM/ECF p. 6.) There is nothing in any of the documents filed by Plaintiff which alleges or indicates that Plaintiff's medical conditions are being deliberately disregarded or ignored by Defendants. Plaintiff's disagreement with Defendants' medical judgment does not constitute a claim upon which relief may be granted. Instead, Plaintiff's complaints regarding the treatment he received for his mental health conditions amount to "disagreement with a medical judgment," which are not enough to sustain an Eighth Amendment claim. *Davis*, 992 F.2d at 153 (8th Cir. 1993) . Plaintiff has no right to a "requested course of treatment," and his claims are therefore dismissed.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss (Filing No. 17) is granted;

2. A separate judgment will be entered in accordance with this Memorandum and Order; and

3. The Clerk of the court is directed to place the 28USC1915(g)_STR flag on this matter.

DATED this 3rd day of November, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge